```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
EMMANUEL ORUCHE,
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/5/2023

               Petitioner,

-against-                                 12 Civ. 4072 (AT)

UNITED STATES OF AMERICA,

                                                   **ORDER**

               Respondent.

ANALISA TORRES, District Judge:

       On December 22, 2022, the Court adopted the Report and Recommendation (the "R&R"), ECF No. 37, of the Honorable Katharine H. Parker (the "Order"). ECF No. 38. Judge Parker recommended that Petitioner's 28 U.S.C. § 2255 petition dated February 26, 2014 (the "Original Petition"), ECF No. 7, be denied as untimely; that Petitioner's supplemental reply dated April 22, 2022 (the "Supplemental Reply"), ECF No. 28, be treated as a motion to amend the Original Petition; and that leave to amend "be denied for undue delay." R&R 10–13. The Court did not receive any objections to the R&R. See Order. Petitioner now moves for "relief from the Order . . . because of fundamental [m]istake pursuant to" Federal Rules of Civil Procedure 59(e) and 60(b). ECF No. 39 at 1. In the alternative, Petitioner requests that the Court "grant[] . . . a [c]ertificate of [a]ppealability." Id. For the reasons stated below, Petitioner's motion is DENIED.[1]

       Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than [twenty-eight] days after the entry of the judgment." Fed. R. Civ. P. 59(e). "A party who moves to alter or amend a judgment under [Rule] 59(e) must demonstrate that the Court overlooked 'controlling law or factual matters' that had been previously put before it." *Granados v. NYS DOCCS, Counsel Off.*, No. 22 Civ. 8804, 2023 WL 2366926, at *3 (S.D.N.Y. Mar. 6, 2023) (citation omitted). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Id.* (citation omitted). Rule 60(b) provides that a court "may relieve a party . . . from a final judgment, order, or proceeding" for six reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) "fraud . . . , misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) "the judgment has been satisfied . . . [or] is based on an earlier judgment that has been reversed or vacated"; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). When a movant "seeks identical relief under Rule[s] 59(e) and 60(b), [a court need] not separately analyze his Rule 59(e) motion." *Salvagno v. Williams*, No. 17 Civ. 2059, 2019 WL 2720758, at *5 n.4 (D. Conn. June 27, 2019) (collecting cases).

---

[1] The Court presumes familiarity with the facts and procedural history as detailed in the R&R, *see* R&R at 1–9, and, therefore, does not summarize them here.

Petitioner seeks to vacate the Order because "material mistakes of fact were the basis for denial of [r]elief." ECF No. 39 at 2.[2] Petitioner argues that the Original Petition "was not untimely" due to "excusable delay," i.e., that Petitioner "was incarcerated in various prisons [and] never received the [o]rders mailed to him by the Court." *Id.* at 5. Petitioner adds that "[i]t is a clear mistake to label [the] Supplemental Reply . . . as a motion to amend [the Original] Petition . . . . and then rule [that the Original Petition] is therefore untimely." *Id.* The Government opposes Petitioner's motion, contending that "the Supplemental Reply's effect on the [Original] Petition is academic because . . . the [Original] Petition was denied as untimely." ECF No. 43 at 2–3.

The Court determines that relief under Rules 59(e) or 60(b) is not warranted here. Petitioner's motion does not identify any caselaw or facts that the Court overlooked. Instead, Petitioner restates arguments that the Court already considered and rejected. *Compare* ECF No. 39 at 5 *with* R&R at 10–12 (concluding that Petitioner did not show good cause for his delay in filing the Original Petition). Petitioner also fails to identify a mistake or "any other reason" that would justify relief. *Rodriguez v. Mitchell*, 252 F.3d 191, 200–01 (2d Cir. 2001) (noting that relief under Rule 60(b)(6) "is appropriate only in cases presenting extraordinary circumstances"). Further, to the extent the instant motion contains objections to the R&R, Petitioner waived his opportunity to object to the R&R. *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018).

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2).

The Clerk of Court is directed to terminate the motion at ECF No. 39.

SO ORDERED.

Dated: April 5, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] Besides asking for "relief from the Order," ECF No. 39 at 1; *see also id.* at 2, 6, Petitioner does not specify the particular relief sought under Rules 59(e) and/or 60(b).